**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **ANA MERCEDES JUTINICO ROJAS #A221-041-989** | **CASE NO. 3:26-CV-02422 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **U S IMMIGRATION & CUSTOMS ENFORCEMENT** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM ORDER

Before the Court is a Deficient "Motion for Leave to Writ of Habeas Corpus under 28 U.S.C. § 2241" (Doc. 1) filed by Petitioner, Ana Mercedes Jutinico Rojas (A#221041989). The Court has been informed that Petitioner has now been deported.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). An action is moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir. 2005) (citation omitted). Thus, if a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The proper purpose of a habeas petition is to challenge the fact or duration of a petitioner's confinement. *Cook v. Tex. Dep't of Crim. Justice Transitional Planning Dep't*,

37 F.3d 166, 168 (5th Cir. 1994). In other words, habeas exists solely to "grant relief from unlawful imprisonment or custody and . . . cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). A petitioner's release from the custody of the BOP thus renders his habeas action moot. *See, e.g.*, *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (dismissing a § 2241 petition as moot following release because "the thrust of [the] petition is to be released from confinement"); *Aldaco v. Nash*, 693 F. App'x 336, 337 (5th Cir. 2017) (per curiam) (same).

Because Petitioner is no longer in custody, her § 2241 Petition is moot. Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that this matter is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending Motions are **DENIED** as **MOOT.**

**THUS DONE AND SIGNED** in chambers on this 11th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**